IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MARY HEATHER MCAFEE,<br><br>    Plaintiff,<br><br>    v.<br><br>SYNCHRONY FINANCIAL; TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:   Civil Action No.: 3:22-cv-261<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## SYNCHRONY BANK'S MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR SUBSTITUTION OF PARTY AND FOR LEAVE TO FILE ANSWER OUT OF TIME

Synchrony Bank ("Synchrony"), with the consent of Plaintiff's counsel, in accordance with Rules 6(b) and 21 of the Federal Rules of Civil Procedure and Local Civil Rule 7(F)(2)(b), in support of its motion to substitute Synchrony as Defendant in this case in place of the named-defendant Synchrony Financial, and for leave for Synchrony to file an Answer out of time, states as follows.

### I.    RELEVANT BACKGROUND

Plaintiff Mary Heather McAfee filed her Complaint on April 18, 2022. ECF No. 1. In the Complaint, Plaintiff asserts claims against Synchrony Financial and others based on allegations relating to a credit card in Plaintiff's name. Synchrony Bank, not Synchrony Financial, is the issuer and servicer of Plaintiff's credit cards. On April 21, 2022, Plaintiff served Synchrony via its registered agent with the summons and the Complaint. After Synchrony was served, Reed Smith was retained to represent Synchrony's interests. Because undersigned counsel was suffering from

COVID-19 at the time the case was assigned,[1] a different attorney was assigned to this matter for handling. That attorney miscalculated the original deadline to file the answer. This miscalculation was simply the result of human error and not attributed to any directive or error by Synchrony. That attorney then contracted COVID-19 and on May 25, 2022, requested that undersigned counsel assist in defending the matter.[2] Undersigned counsel learned that the Answer deadline had expired and immediately took the corrective action of preparing and filing this Motion. Synchrony's counsel has also prepared an Answer, attached as "Exhibit A," which is ready for filing upon approval from the Court.

No Answer has been filed by any other defendant and Plaintiff has not filed an application to hold Synchrony in default. *See generally*, Docket. Plaintiff's counsel has consented to substitute Synchrony Bank for Synchrony Financial and further consents to Synchrony's request to file an Answer out of time. Accordingly, Synchrony believes no party will be prejudiced by the relief requested herein.

## II. LEGAL STANDARD

Pursuant to Fed. Rules Civ. Proc. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court has established four factors to consider in determining whether excusable neglect exists: "'[1] danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Welsh v. Comm. Of Sec. Soc.*,

---

[1] Counsel is prepared to file a declaration attesting to this fact if the Court so requests.
[2] Counsel is prepared to file a declaration attesting to this fact if the Court so requests.

No. 2:20cv460, 2021 Us. Dist. LEXIS 250664, at *3-4 (E.D.Va. Dec. 10, 2021) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

Further, while there is a high standard for excusable neglect, errors that are "grounded in oversight and promptly addressed" have been excused by the court. *Penn-America Ins. Co. v. White Pines, Inc.*, No. 2:19cv57, 2021 US. Dist. LEXIS 242032, at *6 (E.D.V.A. Oct. 24, 2019) (finding excusable neglect due to counsel's miscommunication and miscalendaring of deadline). Finally, pursuant to Fed. R. Civ. Proc. 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

### III. LEGAL ARGUMENT

**A.     Plaintiff Improperly Named Synchrony Financial as Defendant**

The Court should grant Synchrony's motion for substitution of party because Plaintiff incorrectly named "Synchrony Financial" in its Complaint. Synchrony, rather than Synchrony Financial, is the entity that owns and services the credit card accounts at issue in this matter and is therefore the appropriate Defendant. Plaintiff has agreed to the proposed substitution of the parties and has no objection to this relief. Therefore, pursuant to Fed. R. Civ. P. Rule 21, the Court has discretion to drop "Synchrony Financial" as a named defendant and add "Synchrony Bank."

**B.     Synchrony's Failure to Timely File an Answer Was Due to Excusable Neglect**

The Court should grant Synchrony's motion for leave to file an answer out of time because Synchrony's failure to timely file was due to excusable neglect. Plaintiff will not be prejudiced by Synchrony filing its Answer out of time as the other named defendants have been granted extensions until June 6, 2022 to file their Answers. Moreover, Synchrony took prompt action to rectify any error on its part and acted in good faith throughout the delay.

Plaintiff will not be prejudiced if Synchrony files its Answer out of time. This case is in the early pleading stages. No answer has been filed by any defendant, and each of the other defendants has been granted leave to file its answer by June 6, 2022, upon consent of Plaintiff. No discovery has been conducted and the discovery process has not yet begun. Accordingly, there has been no impediment to Plaintiff's ability to present evidence, to proceed with trial, or to complete discovery. Further, Plaintiff has consented Synchrony filing its Answer out of time. Thus, the first factor weighs in favor of granting Synchrony's Motion.

As to the second factor, permitting Synchrony to file its Answer out of time will have no impact on the judicial proceedings and will not delay the litigation in any meaningful way. As noted *supra*, Plaintiff and this Court have already granted each remaining co-defendant until June 6, 2022 to file their responses. ECF Nos. 6, 13. Affording Synchrony permission to file out of time will result in similar timelines for each defendant. Moreover, Synchrony is prepared to file its Answer immediately, as demonstrated by Exhibit A.

The third factor relates to the reason for Synchrony's delay. The delay in question was a result of an erroneous deadline calculation coupled with unforeseen illness that created a need for the procurement of alternative counsel within a short time frame. Immediately upon reassignment to undersigned counsel, undersigned counsel promptly brought the within Motion. In the Eastern District of Virginia, "while the explanation for the delay is clearly the result of an error in counsel's office, the mere fact of an error is not fatal to the relief sought." *Penn-America Ins. Co.*, 2021 US. Dist. LEXIS 242032, at *6. Finally, Synchrony has demonstrated that its actions were taken in good faith, that prior counsel's illness was not within Synchrony's control, and that Synchrony took immediate steps to rectify the situation. In light of each of the above factors weighing in favor

of Synchrony, Synchrony respectfully requests the Court find that the failure to timely file an Answer was due to excusable neglect and permit Synchrony to file its Answer, out of time.

## IV. CONCLUSION

For the reasons discussed above, this Court should grant the Consent Motion for Substitution and for Leave to File Answer out of Time. A proposed order is attached as Exhibit B.

Dated: May 27, 2022　　　　　　　　　　　Respectfully submitted:

　　　　　　　　　　　　　　　　　　　/s/ Alison Ross Ellis
　　　　　　　　　　　　　　　　　　　Alison Ross Ellis (VSB No. 75564)
　　　　　　　　　　　　　　　　　　　Reed Smith LLP
　　　　　　　　　　　　　　　　　　　Riverfront Plaza – West Tower
　　　　　　　　　　　　　　　　　　　901 E. Byrd Street, Suite 1900
　　　　　　　　　　　　　　　　　　　Richmond, VA 23219-4068
　　　　　　　　　　　　　　　　　　　Telephone: (804) 344-3400
　　　　　　　　　　　　　　　　　　　Facsimile: (804) 344-3410
　　　　　　　　　　　　　　　　　　　aellis@reedsmith.com
　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Synchrony Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of May, 2022, I have electronically filed the foregoing using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

Kristi Cahoon Kelly
Kelly Guzzo PLC
3925 Chain Bridge Road Suite 202
Fairfax, VA 22030
703-424-7570
Fax: 703-591-9285
Email:Kkelly@kellyguzzo.Com

Andrew Joseph Guzzo
Kelly Guzzo PLC
3925 Chain Bridge Road Suite 202
Fairfax, VA 22030
703-424-7576
Fax: 703-591-0167
Email:Aguzzo@kellyguzzo.Com

Casey Shannon Nash
Kelly Guzzo PLC
3925 Chain Bridge Road Suite 202
Fairfax, VA 22030
703-424-7571
Fax: 703-591-0167
Email:Casey@kellyguzzo.Com

James Patrick McNichol
Kelly Guzzo PLC
3925 Chain Bridge Road Suite 202
Fairfax, VA 22030
703-424-7573
Email:Pat@kellyguzzo.Com

*Attorneys for Plaintiff*

David Neal Anthony
Troutman Pepper Hamilton Sanders LLP (Richmond)
Troutman Sanders Bldg 1001 Haxall Point Po Box 1122
Richmond, VA 23219
804-697-5410

Fax: 804-698-5118
Email:David.Anthony@troutman.Com

*Attorney for Defendant Experian Information Solutions, Inc.*

John Willard Montgomery, Jr.
Traylor Montgomery & Elliott PC
130 E Wythe St
Petersburg, VA 23803
804-861-1122
Fax: 804-733-6022
Email:Jmontgomery@tmande.Com

*Attorney for Defendant Equifax Information Services, Inc.*

　　　　　　　　　　　　　　　　　　　*/s/ Alison Ross Ellis*
　　　　　　　　　　　　　　　　　　　Alison Ross Ellis (VSB No. 75564)
　　　　　　　　　　　　　　　　　　　REED SMITH LLP
　　　　　　　　　　　　　　　　　　　Riverfront Plaza – West Tower
　　　　　　　　　　　　　　　　　　　901 East Byrd Street, Suite 1700
　　　　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　　　　Telephone: (804) 344-3400
　　　　　　　　　　　　　　　　　　　Facsimile: (804) 344-3410
　　　　　　　　　　　　　　　　　　　aellis@reedsmith.com
　　　　　　　　　　　　　　　　　　　*Attorney for Synchrony Bank*